UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In re: BAIR HUGGER FORCED AIR             MDL No. 15-2666 (JNE/FLN)
WARMING DEVICES PRODUCTS
LIABILITY LITIGATION

**ORDER**

This Document Relates To:
Case Nos.:   17-cv-343 (*Grooms v. 3M Co., et al.*)
             17-cv-640 (*Johnson v. 3M Co., et al.*)
             17-cv-711 (*Gilbert Garcia v. 3M Co., et al.*)
             17-cv-998 (*Gruetzmacher v. 3M Co., et al.*)
             17-cv-1017 (*Maria Garcia v. 3M Co., et al.*)
             17-cv-1082 (*Petrakis v. 3M Co., et al.*)
             17-cv-1879 (*Sellers v. 3M Co., et al.*)
             17-cv-2738 (*Allen v. 3M Co., et al.*)
             17-cv-2747 (*Graves v. 3M Co., et al.*)
             17-cv-2755 (*Morris v. 3M Co., et al.*)
             17-cv-2763 (*Maxheimer v. 3M Co., et al.*)
             17-cv-2881 (*Prince v. 3M Company et al*)
             17-cv-2892 (*Saylor v. 3M Co., et al.*)
             17-cv-3038 (*Schapansky v. 3M Co., et al.*)

---

Defendants 3M Company and Arizant Healthcare Inc. move to dismiss fifteen member cases in the *Bair Hugger* MDL, including the above-captioned fourteen, for Plaintiffs' failure to comply with Pretrial Order No. 14 ("PTO 14," Dkt. No. 117), a court order about service and completion of Plaintiff Fact Sheets in lieu of interrogatories. Mot., 15-md-2666 Dkt. No. 1030. Defendants withdrew that Motion as to Plaintiff Michael Warren (17-cv-1027). Defs.' Ltr., 15-md-2666 Dkt. No. 1046. Plaintiffs Kathlynn Morris (17-cv-2755) and Ray Schapansky (17-cv-3038) stipulated to dismissal with prejudice. 17-cv-2755 Dkt. No. 6; 17-cv-3038 Dkt. No. 6. As to Morris and Schapansky, the Motion is **DENIED** as moot. The Court disposes of the Motion as to the other twelve above-captioned cases below.

**I.  For Plaintiffs misidentified in the Motion, the Motion is DENIED without prejudice to renew.**

Defendants misidentified Plaintiffs Maria Garcia (17-cv-1017) and Laura Gruetzmacher (17-cv-998).  The Motion identifies Maria Garcia as "Guzman" and Gruetzmacher's case number as "17-cv-00988."  Mot. 1.  Defendants argue that Maria Garcia self-identified as "Guzman" on her Plaintiff Fact Sheet.  Defs.' Ltr.

The Court will only dismiss cases for which Defendants have given notice of the impending dismissal.  That notice includes the motion to dismiss.  PTO 14 ¶ 8.  Because dismissal with prejudice is a severe sanction, notice defects will defeat motions to that effect.  Even if typographical or potentially of a plaintiff's own making, these defects are fatal.  With thousands of MDL Plaintiffs, defective notice could be no notice at all.

For Maria Guzman and Gruetzmacher, Defendants' notice was defective because the Motion misidentified Maria Guzman's name and Gruetzmacher's case number.  The Court thus **DENIES** the Motion without prejudice to renew as to these two Plaintiffs.

**II.  For Plaintiffs who did not respond to the Motion or whose counsel responded without opposing the Motion, the Motion is GRANTED.**

The nine remaining above-captioned Plaintiffs do not oppose the Motion to dismiss.  The Court may dismiss a case if the plaintiff has failed PTO 14, for failure to comply with a court order, or if the plaintiff does not oppose dismissal, for failure to prosecute.  Fed. R. Civ. P. 41(b); December 21, 2017 Order, 15-md-2666 Dkt. No. 1028.  Defendants here have made an initial showing that the remaining nine above-captioned Plaintiffs should be dismissed for failing PTO 14.  15-md-2666, Dkt. No. 1032.  So, to resist dismissal, Plaintiffs must oppose the Motion.  *See* PTO 14 ¶ 8.  They do not do so.

Plaintiffs Gilbert Garcia (17-cv-711), Noble Grooms (17-cv-343), Carolyn D.

Johnson (17-cv-640), Kimberly Maxheimer (17-cv-2763) and Gus Petrakis (17-cv-1082) do not respond to and thus do not oppose the Motion. The Court thus **GRANTS** the Motion as to these five Plaintiffs and **DISMISSES** their cases with prejudice for failing PTO 14 and failing to prosecute.

For Plaintiffs Janet Allen (17-cv-2738), Elizabeth Graves (17-cv-2747), Lee Tracy Saylor (17-cv-2892) and William Sellers (17-cv-1879), counsel responds to but does not oppose the Motion. To oppose the Motion, Plaintiffs must dispute the Motion's merits. *See* July 24, 2017 Order, 15-md-2666 Dkt. No. 622 (deeming counsel's log of "unsuccessful attempts to enlist [plaintiff's] cooperation" non-opposition). Plaintiffs' counsel instead explains that they lost contact with Plaintiffs half a year ago:

| Plaintiff | Case No. | Last Contact | Citation in 15-md-2666 |
|-----------|----------|--------------|------------------------|
| Allen | 17-cv-2738 | July 2017 | Dkt. No. 1041 ¶¶ 1,3 |
| Graves | 17-cv-2747 | July 2017 | Dkt. No. 1042 ¶¶ 1,4 |
| Saylor | 17-cv-2892 | July 2017 | Dkt. No. 1043 ¶¶ 1,3 |
| Sellers | 17-cv-1879 | June 2017 | Dkt. No. 1045 ¶¶ 1,4 |

This explanation does not dispute the Motion's merits. The Court thus **GRANTS** the Motion as to these four Plaintiffs and **DISMISSES** their cases with prejudice for failing PTO 14 and failing to prosecute.

### III. The Motion is DENIED without prejudice to renew for Nadine Prince so that Defendants can confirm that her late Plaintiff Fact Sheet complies with Pretrial Order No. 14.

Nadine Prince (17-cv-2881) opposes the Motion by asserting, in her January 12, 2018 Letter, 15-md-2666 Dkt. No. 1055, that she would serve a Plaintiff Fact Sheet on January 16, 2018. Besides being late as opposition to the Motion, *see* PTO 14 ¶ 8, the Letter does not say whether Prince would also, as she must, verify her PFS or complete it

as to core facts. *See* PTO 14 ¶¶ 3-4. Although the Court does not now dismiss Prince's case with prejudice, Defendants may renew their Motion as to her if they find defects in her PFS. The Court thus **DENIES** the Motion without prejudice to renew as to Prince.

Based on the files, records, and proceedings herein, IT IS SO ORDERED THAT:

1. Defendants 3M Company and Arizant Healthcare Inc.'s Motion to Dismiss for Failure to Comply with Pretrial Order No. 14 ("Motion") [Dkt. No. 1030] is GRANTED IN PART and DENIED IN PART as below.

2. The Motion is DENIED as moot as to 17-cv-2755 (*Morris v. 3M Co., et al.*) and 17-cv-3038 (*Schapansky v. 3M Co., et al.*).

3. The Motion is DENIED without prejudice to renew as to 17-cv-998 (*Gruetzmacher v. 3M Co., et al.*), 17-cv-1017 (*Maria Garcia v. 3M Co., et al.*) and 17-cv-2881 (*Prince v. 3M Company*).

4. The following cases are DISMISSED WITH PREJUDICE because the Motion is GRANTED as to 17-cv-343 (*Grooms v. 3M Co., et al.*), 17-cv-640 (*Johnson v. 3M Co., et al.*), 17-cv-711 (*Gilbert Garcia v. 3M Co., et al.*), 17-cv-1082 (*Petrakis v. 3M Co., et al.*), 17-cv-1879 (*Sellers v. 3M Co., et al.*), 17-cv-2738 (*Allen v. 3M Co., et al.*), 17-cv-2747 (*Graves v. 3M Co., et al.*), 17-cv-2763 (*Maxheimer v. 3M Co., et al.*) and 17-cv-2892 (*Saylor v. 3M Co., et al.*).

Dated: January 19, 2018                     s/ Joan N. Ericksen
                                            JOAN N. ERICKSEN
                                            United States District Judge